## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

-----------------------------------------------------------X

| | |
|---|---|
| MIAMI BEACH COMMUNITY | : |
| DEVELOPMENT CORPORATION, INC., | : |
| aka MIAMI BEACH COMMUNITY | : |
| DEVELOPMENT CORP., | : |
| | : |
| Plaintiff, | : |
| v. | : |
| | : |
| CERTAIN UNDERWRITERS AT LLOYD'S, | : |
| LONDON, | : |
| | : |
| Defendant. | : |

-----------------------------------------------------------X

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 205, defendant, Certain Underwriters at Lloyd's, London, through its undersigned counsel, hereby removes to this Court the instant action from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County (the "State Court Action") and, in support of the removal, states as follows:

### THE STATE COURT ACTION

Plaintiff, Miami Beach Community Development Corporation, Inc. ("MBCDC") filed this action against defendant, Certain Underwriters at Lloyd's, London ("Lloyd's") in the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade (Case No. 2020-006488-CA-01). Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other papers and exhibits on file in the State Court Action is attached hereto as Exhibit A.

On May 20, 2020, a copy of the Complaint for Damages and Demand for Jury Trial ("Complaint") was served upon Lloyd's through the Chief Financial Officer of the State of

Florida.  *See* Exhibit A, Notice of Service of Process.  The Complaint seeks monetary damages for Lloyd's alleged breach of the first-party property insurance program issued to MBCDC, effective from January 12, 2017 to January 12, 2018 and bearing account number 441676 (the "Policy").  A copy of the Policy is attached hereto as Exhibit B.  Lloyd's is a quota share participant in the Policy, with a 20.76% share.  Indian Harbor Insurance Company ("Indian Harbor"), QBE Specialty Insurance Company ("QBE"), Steadfast Insurance Company ("Steadfast"), General Security Indemnity Company of Arizona ("General Security"), United Specialty Insurance Company ("USI"), Lexington Insurance Company ("Lexington"), Princeton Excess and Surplus Lines Insurance Company ("Princeton"), HDI Global Specialty SE, formerly known as International Insurance Company of Hannover SE ("HDI") and Old Republic Union Insurance Company ("Old Republic") are also quota share insurers and participate in the Policy in accordance with certain percentages.

In the Complaint, MBCDC alleges that on or about September 10, 2017, "the insured properties were damaged due to Hurricane Irma." *See* Exhibit A, Complaint at ¶ 11.  MBCDC further asserts that Lloyd's "has explicitly and/or constructively denied any payment and otherwise to afford coverage under any of the relevant policy provisions for the full damages sustained, falsely asserting the damage amount was under the policy deductible." *Id.* at ¶ 15.  In this regard, MBCDC alleges that Lloyd's has "refused to pay the full amount due in benefits . . . in breach of its duties under the subject policy of insurance and Florida law." Id. at ¶ 16.

## JURISDICTION

### I.   Federal Question

Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446.  Lloyd's asserts that there is a valid arbitration clause that falls under the Convention on the Recognition

and Enforcement of Foreign Arbitral Awards (also known as the "Convention"), and, thus, this Court has original jurisdiction pursuant to 9 U.S.C. §§ 202, 203 and 205. In removing this cause, Lloyd's specifically preserves and gives notice of its right to seek to stay and to compel arbitration of this dispute, and Lloyd's will be filing a dispositive motion seeking that relief subsequent to the removal of this case.

The Policy sued upon provides for arbitration as follows:

C.    ARBITRATION CLAUSE: <u>All matters in difference between the insured and the Companies</u> (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity, and whether arising during or after the period of this insurance, <u>shall be referred to an Arbitration Tribunal</u> in the manner hereinafter set out.

*         *         *

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

All costs of the Arbitration shall be in the discretion of the Arbitration Tribunal who may direct to and by whom and in what manner they shall be paid.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

*         *         *

The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties

> should fail to carry out any award the other may apply for its enforcement
> to a court of competent jurisdiction in any territory in which the party in
> default is domiciled or has assets or carries on business.

*See* Exhibit B, Policy, Section VII, ¶ C at p. 26 of 49 (emphasis added).

As noted above, in this litigation, MBCDC is seeking monetary damages for Lloyd's alleged breach of the Policy. However, per the Policy's arbitration provision set forth above, any such "matter[] in difference" shall be referred to an Arbitration Tribunal.

Although MBCDC elected to sue only Lloyd's, all of the other insurers, specifically Indian Harbor, QBE, Steadfast, General Security, USI, Lexington, Princeton, HDI, and Old Republic similarly reserve the right to arbitrate and remove pursuant to the Convention.

## II.    Propriety of Removal

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court explained, "[t]he goal of the [C]onvention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred countries have signed the Convention, including the United States, the United Kingdom of Great Britain, and Germany. In 1970, Congress enacted 9 U.S.C. §§ 201-208 (the "Convention Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

This cause is properly removed based on federal question because it relates to an arbitration agreement in writing falling under the Convention. *See* 9 U.S.C. § 205; *Matabang v.*

*Carnival Corp.,* 630 F. Supp. 2d 1361, 1363 (S.D. Fla. 2009) ("In Section 205 of the Convention Act, Congress authorized federal removal jurisdiction over cases relating to arbitration agreements 'falling under the Convention'"); *Outokumpu Stainless USA, LLC v. Converteam SAS*, 17-10944, 2018 WL 4122807, at *3 (11th Cir. Aug. 30, 2018) (Section 205 provides for broad removability of cases to federal court). *See also* 9 U.S.C. § 203 (a case covered by the Convention Act confers federal subject matter jurisdiction upon a district court because such a case is "deemed to arise under the laws and treaties of the United States.").

To this effect, the arbitration provision at issue falls under the Convention because it is a written contract arising out of a commercial legal relationship. Specifically, with regard to arbitration agreements falling under the Convention, Section 202 states as follows:

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States.

*See* 9 U.S.C. § 202.

Article II of the Convention further clarifies which arbitration agreements are subject to the Convention. Article II states, in pertinent part, as follows:

> 1.  Each Contracting State shall recognize an agreement in writing under which the parties undertake to submit to arbitration all or any differences which have arisen or which may arise between them in respect of a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration.
>
> 2.  The term "agreement in writing" shall include an arbitral clause in a contract or an arbitration agreement, signed by the parties or contained in an exchange of letters or telegrams.

*See also Bautista v. Star Cruises*, 396 F.3d 1289, 1295 (11th Cir. 2005) (citing the text of Article II of the Convention in connection with assessing whether the action was covered under the Convention).

This Court and the U.S. Court of Appeals for the Eleventh Circuit have routinely acknowledged removal and jurisdiction on this basis. *See Conklin v. OneBeacon Am. Ins. Co.,* 2018 WL 3761047, at *3 (M.D. Fla. May 31, 2018) ("Defendants were well within their rights under the FAA to remove the case to this Court pursuant to 9 U.S.C. § 205."); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (federal subject matter jurisdiction granted where one of the parties to an arbitration agreement is domiciled or has its principal place of business outside of the United States). *See also Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd.,* 02-22196-CIV., 2002 WL 32075793, at *3 (S.D. Fla. Oct. 31, 2002) (noting that removal was proper under 9 U.S.C. § 205 where the claims at issue must be referred to arbitration pursuant to the parties' arbitration agreement).

Here, the requirements for removal based on federal question under the Convention are undoubtedly satisfied. The Policy and specifically the arbitration provision contained therein is the "agreement in writing" between the parties wherein they undertake to submit to arbitration "[a]ll matters in difference between the insured and the Companies." Additionally, at least one party to the arbitration agreement is not a citizen of the United States.

Specifically, with regard to citizenship of the parties, defendant Lloyd's, severally subscribed to Certificate No. AMR-57832 issued to MBCDC. In *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079 (11th Cir. 2010), the Eleventh Circuit explained that Lloyd's itself "is not an insurance company, but rather a British organization that provides infrastructure for the international insurance market." *Id.* at 1083. It is thus not Lloyd's but

rather individual underwriters operating within the Lloyd's infrastructure that underwrite policies. *See Id.* These underwriters are known as "Names" or "members," and they can be individual persons or business entities of varying nationalities. *Id.* As underwriters, they assume the risk of insurance loss, and they often share the risk for any given policy severally by working together in a "syndicate." *Id.* It has been further stated that syndicates are merely administrative entities; they are not incorporated, and they do not assume any risk on the policies they underwriter. *Id.* Rather, "the constituent Names assume individual percentages of underwriting risk" and "it is the individual Names, not the syndicate, who are directly liable in the event of loss, as if each Name had a contract with the insured." *Id.* at 1084. The syndicates instead provide administrative convenience, and they "are generally organized by Managing Agents, which may or may not be corporations." *Id.* at 1083.

In this case, a portion of the Policy is subscribed to by Syndicate 510, one of the binding authorities for Certificate No. AMR-57832. Syndicate 510 is not a citizen or resident of Florida or any other state within the United States. Moreover, Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member of which is Tokio Marine Kiln Group Limited. Tokio Marine Kiln Group Limited is registered in England and Wales, both of which are participating countries.

Another quota share insurer subscribing to the Policy in the matter is HDI, a German corporation with its principal place of business in Hannover, Germany. Germany is also a participating country. Should the unnamed insurers subsequently be added to this action, because there would still be at least one party to the arbitration agreement among the unnamed insurers that is not a citizen of the United States, the arbitration agreement would similarly be governed by the Convention.

As such, the elements necessary for removal under the Convention Act have been satisfied, and removal of this action to this Court is appropriate.

## III.   <u>Timeliness</u>

This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty (30) days after a copy of the pleading setting forth the claim for relief upon which this action is based was served upon Lloyd's.  See Exhibit A, Return of Service.

Also, Section 205 of the Convention Act expressly states that the case may be removed on this basis "at any time before trial."  *Sheinberg v. Princess Cruise Lines, Ltd*., 269 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003); *Acosta v. Norwegian Cruise Line, Ltd*., 303 F. Supp. 2d 1327, 1329 (S.D. Fla. 2003).  As such, removal is timely.

## IV.   <u>Notice to Others</u>

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

## V.   <u>Conclusion</u>

In sum, because the Policy contains a valid arbitration clause that falls under the Convention, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 202, 203 and 205.

The United States District Court for the Southern District of Florida Court is the proper federal venue for this action.  This action is properly removed to this Court under 28 U.S.C. § 1441 because the Southern District of Florida embraces actions pending in Miami-Dade County, Florida, which is where the State Court Action is pending.  Additionally, Lloyd's is the sole

defendant in this action and no previous application has been made for the relief requested herein.

**WHEREFORE**, Defendant, Certain Underwriters at Lloyd's, London, respectfully removes this action from the Circuit Court of the Eleventh Judicial Circuit of Florida, Miami-Dade County.

Dated: June 19, 2020

Respectfully submitted,

MOUND COTTON WOLLAN & GREENGRASS LLP

By:    s/ Brian M. McKell
        William D. Wilson, Esq. (Fla. Bar No. 71202)
        wwilson@moundcotton.com
        30A Vreeland Road
        Florham Park, NJ 07932
        Tel. (973) 494-0600
        Fax (973) 242-4244

        Brian M. McKell, Esq. (Fla. Bar No. 975753)
        bmckell@moundcotton.com
        Brooke O. Turetzky, Esq. (Fla. Bar No. 113049)
        bturetzky@moundcotton.com
        110 East Broward Blvd., Suite 1580
        Fort Lauderdale, FL 33301
        Tel. (954) 467-5800
        Fax (954) 467-5880

        *Counsel for Defendant,*
        *Certain Underwriters at Lloyd's London*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing Notice of Removal by

Defendant, Certain Underwriters at Lloyd's London, was served upon the following via email on

the 19th day of June 2020:

Alexander J. Perkins, Esq.
perkins@perkinslawoffices.com
Perkins Law Offices, P.A.
14 NE 1st Avenue, Suite 814
Miami, Florida 33132
Tel.: (305) 740-5297
Fax: (855) 740-5297

*Counsel for Plaintiff,*
*Miami Beach Community*
*Development Corporation, Inc.*

s/ Brian M. McKell
Brian M. McKell